IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:21-CV-200-BO

| | |
|---|---|
| WILLIAM and ELIZABETH TIS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| WAUPACA ELEVATOR COMPANY, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on defendant's motion to stay these proceedings. Plaintiffs have responded and defendant has replied. A hearing on the matter was held before the undersigned on August 18, 2022, at Elizabeth City, North Carolina. In this posture, the matter is ripe for ruling. For the reasons that follow, defendant's motion is denied.

## BACKGROUND

Plaintiffs initiated this putative class action by filing a complaint on November 19, 2021. [DE 1]. Plaintiffs allege claims arising from of the free fall and crash of home elevators which were manufactured and produced by defendant, specifically claims for negligent misrepresentation, fraud by omission, and unfair and deceptive trade practices. Plaintiffs seek both declaratory and injunctive relief as well as damages. Prior to filing an answer or otherwise responding to the complaint, defendant filed the instant motion seeking a stay of all proceedings in this case.

On December 28, 2021, defendant entered into receivership proceedings in the Circuit Court of Outagamie County, Wisconsin. *See* [DE 19-1]; *In re Waupaca Elevator Company, Inc.*,

No. 21 CV 000994 (Wis. Dec. 28, 2021). The receivership was approved by the Outagamie County court following defendant's voluntary entry into receivership for the benefit of the debtor's creditors as provided in Chapter 128 of the Wisconsin Statutes. The Outagamie County court's order provides that "all creditors and claimants of [defendant] are immediately enjoined and restrained . . . from . . . prosecuting any action or proceedings against the [defendant], and from continuing to prosecute any action or proceeding currently pending against [defendant] . . .." *Id.* ¶ 15.

Although a receivership under Wisconsin state law is not binding on this Court, defendant asks this Court to stay this action for the duration of the Wisconsin receivership proceeding. Plaintiffs oppose a stay.

## DISCUSSION

A district court has inherent authority to manage its docket, which includes the authority to stay litigation. *See Ryan v. Gonzales*, 568 U.S. 57, 73 (2013) (citing *Rhines v. Weber*, 544 U.S. 269, 276 (2005)). As defendant recognizes, the Wisconsin state receivership order is not binding on this Court. Defendant argues, however, that the Chapter 128 proceedings are sufficiently similar to federal bankruptcy proceedings such that a stay of this action is appropriate for the same reasons that a mandatory stay in bankruptcy is imposed pursuant to 11 U.S.C. § 362. Defendant further cites the Full Faith and Credit Act as grounds for a stay. *See Underwriters Nat. Assur. Co. v. N. Carolina Life & Acc. & Health Ins. Guar. Ass'n*, 455 U.S. 691, 694 (1982).

Defendant also argues that *Burford* abstention is appropriate. Federal courts typically have an unflagging duty to exercise their jurisdiction to decide cases which are properly before them. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). Abstention under *Burford* applies to federal courts sitting in equity

2

> (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989) (citation omitted). Moreover, "federal courts have frequently abstained to avoid interfering with state receivership proceedings[.]" *First Penn-Pac. Life Ins. Co. v. Evans*, 304 F.3d 345, 350 (4th Cir. 2002). Abstention is not necessary, however, where has been no assertion that the claims in the federal case are intertwined or entangled with the issues in the receivership proceeding. *New Orleans Pub. Serv.*, 491 U.S. at 358.

As discussed above, the Wisconsin court's order imposing a stay is not binding on this Court. The Court has also declined to stay a related proceeding, *Brackin v. Waupaca Elevator Company, Inc.*, No. 7:21-CV-94-BO (E.D.N.C. May 24, 2022). Although the named plaintiffs to this action have appeared as interested parties in the Wisconsin receivership proceeding, this remains an appropriate forum for these plaintiffs to prosecute their claims. This case was filed prior to the Wisconsin receivership proceeding, which was entered into voluntarily by defendant. This distinguishes this case from the Fourth Circuit's holding in *Penn-Pacific*. Additionally, defendant has not demonstrated that plaintiff's claims brought herein are intertwined with the issues in the receivership. *Burford* abstention is not required every time there is a "complex state administrative process" or even where there is a "potential for conflict with state regulatory law or policy." *New Orleans Pub. Serv.*, 491 U.S. at 362 (internal quotation and citation omitted). Finally, the Court has not been presented any state court judgment which would implicate the Full Faith and Credit Act. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005).

3

In sum, the Court has considered the arguments of the parties and, in its discretion, declines to stay this matter pending the Wisconsin state receivership proceedings.

## CONCLUSION

For the foregoing reasons, defendant's motion to stay [DE 18] is DENIED.

SO ORDERED, this __ day of August 2022.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE